IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DENZIL A. LAWRENCE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 18−cv–1329−NJR |
| MONICA GRIGGS, DOUG HOGAN, OIG AGENTS, and JOHN DOE, | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Denzil Lawrence, an inmate in Chester Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and equitable relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir.

2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

## Discussion

According to the allegations in the Complaint, on Saturday March 10, 2018, Griggs entered Plaintiff's unit during the daily "med pass" line and told Plaintiff an offensive and racist joke (included in the Complaint in full on page 12). (Doc. 1, p. 10). She then stopped at John Doe's desk, which was within earshot, and continued to laugh about the joke. *Id*. Plaintiff felt upset and humiliated as a result of the joke, and he filed a grievance form two days later. (Doc. 1, p. 12). Hogan followed up and interviewed Plaintiff approximately two weeks later. *Id*. Hogan failed to obtain the statement of a witness to the event. *Id*. Plaintiff has not gotten a response on his grievance. *Id*.

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

**Count 1 –** Griggs and Doe violated Plaintiff's Eighth and/or Fourteenth Amendment rights when Griggs told a racist and offensive joke;

**Count 2 –** Hogan violated Plaintiff's Due Process rights under the Fourteenth Amendment by performing an inadequate investigation into the racist joke.

While distasteful, allegations of verbal harassment typically do not state a claim under the Eighth Amendment. *Dobbey v. Ill. Dep't of Corr.,* 574 F.3d 443, 446 (7th Cir. 2009). "Standing

alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000); *see also Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (reaffirming that limited verbal harassment states no claim, but qualifying that in certain circumstances, verbal harassment may rise to the level of cruel and unusual punishment in combination with other conduct).

Plaintiff has not alleged that the joke was part of a larger campaign of harassment, or that the joke was intended to put him at risk of harm from other inmates of Chester, so as to rise to the level of cruel and unusual punishment. And a single bad joke does not create an equal protection claim, and thus Plaintiff's complaints against Griggs fail as a matter of law. Plaintiff has even less of a claim against Doe; Plaintiff does not allege that Doe told any jokes or repeated any jokes. The Complaint is silent on Doe's reaction to the joke. Listening to a racist joke told by another does not violate Plaintiff's constitutional rights.

Plaintiff's allegations against Hogan also fail as a matter of law, because Plaintiff has no constitutional interest in ensuring that Hogan follows the procedures for correctly investigating a grievance. State institution grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Finally, although Plaintiff has referred to several unknown parties who work in the Office of the Inspector, he has not actually made any allegations against those parties in his statement of claim. The Court is unable to ascertain what claims, if any, Plaintiff has against these defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed the Unknown Defendants elsewhere in his complaint, he has not adequately stated claims against these individuals or put them on notice of any claims that Plaintiff may have against them. For this reason, the Unknown Defendants will be dismissed.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** as legally frivolous. Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED as moot**. This shall count as one of Plaintiff's allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to enter judgment and close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee

irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: August 16, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**